UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-279 |
| BRIAN K. PORTER | SECTION "K" |

### ORDER AND OPINION

Before the Court is Brian Porter's petition under 28 U.S.C § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having reviewed the pleadings, memoranda, and relevant law, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

I.  BACKGROUND

In September 2006, a grand jury indicted Brian Porter on three counts of crack cocaine distribution in violation of 21 U.S.C. § 841. Pursuant to a plea agreement, the Government agreed to seek dismissal of Counts Two and Three, and Porter agreed to plead guilty to Count One (Rec. Doc. 39 at 1). In addition, the agreement required Porter to waive his rights to any post-conviction proceedings, including those brought under 28 U.S.C. § 2255 (*Id.* at 2).

At re-arraignment, prior to accepting Porter's plea, this Court discussed with him in detail the consequences of signing the waiver and pleading guilty (Rec. Doc. 65). Specifically, the Court informed Porter that, if he pleaded guilty, he could be sentenced to life imprisonment (*Id.* at 5, 8). The Court also warned that should the sentence imposed be more severe than Porter anticipated, he would nonetheless be bound by his plea and have no right to withdraw it (*Id.* at 7). Porter acknowledged that he fully understood these terms and was pleading guilty voluntarily

(*Id.* at 5-8, 11, 20). Moreover, Porter expressed satisfaction with the performance of his attorney, Alfred Boustany (*Id.* at 3).

At his June 2008 sentencing, however, Porter reversed course. He declared that Boustany's representation was inadequate and subsequently filed a motion to withdraw his guilty plea (Rec. Docs. 67; 83). In particular, Porter claimed that Boustany failed to apprise him that, due to his status as a "career offender," the advisory guidelines called for a prison sentence ranging from 262 - 327 months (Rec. Doc. 83). Had he been so informed, Porter argued, he would not have accepted the Government's offer (*Id.*). Nevertheless, the Court denied Porter's motion, noting that both he and Boustany attested to reviewing the sentencing guidelines prior to signing the plea agreement (Rec. Doc. 106 at 17-18). Furthermore, Porter specifically confirmed his understanding that, despite the guidelines, the Court had discretion to impose a sentence of life imprisonment (*Id.*).

In March 2009, the Court sentenced Porter to a prison term of 200 months (Rec. Doc. 107 at 20). Porter subsequently appealed his conviction on the grounds that the Court failed to advise him of his trial rights as required by Federal Rule of Criminal Procedure 11 (Rec. Doc. 94). After the Fifth Circuit affirmed the Court's judgement,[1] Porter filed this petition under 28 U.S.C. § 2255.

II.     LAW AND ANALYSIS

Title 28 U.S.C. § 2255 provides in pertinent part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

---

[1] United States v. Porter, 366 Fed. Appx. 559, 2010 WL 609985 (5th Cir. 2010).

> United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

In his petition, Porter contends that (1) Boustany rendered ineffective assistance in violation of the Sixth Amendment; (2) Porter entered the guilty plea unknowingly and involuntarily; (3) the Court convicted him based on unlawfully-seized evidence; (4) the guilty plea was coerced and violated his privilege against self-incrimination; (5) the Government failed to disclose favorable evidence; (6) his conviction violates the Fifth Amendment's double jeopardy clause; (7) no one advised him of his right to plead not guilty; (8) his appellate counsel rendered ineffective assistance; (9) he was denied due process; and (10) he is actually innocent.

A.      Validity of the Guilty Plea

On habeas review, a guilty plea will be upheld if entered into knowingly, voluntarily, and intelligently. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). For a plea to be "knowing and intelligent," the defendant need merely understand the direct consequences of his plea. *Id.* at 255. With respect to sentencing, this means "only that the defendant must know the

maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).  To be "voluntary," a guilty plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

Porter essentially makes two arguments in challenging the validity of his guilty plea, which he also couches as coerced confession and self-incrimination claims. Porter contends first, that he did not know the sentencing consequences of "career offender" status, and second, that Boustany used "trickery" and "negative advise" to induce the guilty plea. Both arguments lack merit.

With respect to the "knowing and intelligent" requirement, the record undeniably establishes that Porter understood the consequences of his plea. At re-arraignment, the Court expressly admonished Porter that the Court had no duty to follow the advisory guidelines and could, in its discretion, sentence him to life in prison. Thus, Porter cannot now claim that had he known his pre-sentence report would advise a minimum of 262 months in prison, he would not have pleaded guilty. Porter's affirmative response when asked whether he and Boustany had discussed the guidelines and how they might apply to his case further belies his argument.

Regarding the voluntariness of his plea, Porter contends Boustany's prediction that he would not fare well at trial resulted in mental coercion. To be sure, the Government had multiple

electronic recordings of drug transactions between Porter and confidential informants. Given the existence of this incriminating evidence, it was not unreasonable for either Boustany or Porter to fear the consequences of going to trial. But such apprehension does not proceed from the type of "mental coercion" that renders a guilty plea involuntary. *See Brady*, 397 U.S. at 750 (declining to hold that a guilty plea is coerced and invalid when encouraged by the promise of leniency or influenced by the fear of a higher penalty); *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding counsel's good faith prediction of defendant's sentence does not render the guilty plea involuntary).   That Porter knew he stood to gain significantly from pleading guilty is underscored by the very premise of his prior motion to withdraw; that is, Porter fully expected his plea to earn him a sentence of less than twenty years for a crime punishable by life imprisonment. *See Johnson*, 516 F.2d at 1002 (affirming dismissal of petitioner's claim, which was based on the "inherently inconsistent" arguments that petitioner was unable to comprehend the nature of his guilty plea and that he knew exactly what was going on but his expectations were frustrated).

Porter also alleges being coerced or tricked by Boustany's statement that, in the absence of an agreement, the Government would prosecute his wife. However, Boustany merely apprised Porter of the fact that the Government was prepared to charge his wife for her attempt to destroy evidence of Porter's crimes. And due to Porter's willingness to plead guilty, the Government refrained from filing the charges. Having pleaded guilty in exchange for a benefit offered by the Government, which the Government was under no duty to offer, Porter cannot now claim the prospect of not attaining that benefit rendered his plea involuntary. To hold otherwise would invalidate virtually all guilty pleas since "defendant[s] might never plead guilty absent the

possibility or certainty that the plea will result in a lesser penalty" or some other benefit. *Brady*, 397 U.S. at 750.

Finally, Porter's assertions in open court present a formidable barrier to the present attack on the validity of his plea. At re-arraignment, the Court engaged Porter in the following colloquy:

> THE COURT: Are you pleading guilty because you are, in fact, guilty of the crime charged?
>
> PORTER: Yes, sir.
>
> THE COURT: To put it another way, are you pleading guilty because you did the acts charged in the indictment?
>
> PORTER: Yes, sir.
>
> THE COURT: Have you been influenced, induced or persuaded to plead guilty because of any promises made by anyone?
>
> PORTER: No, sir.
>
> THE COURT: Likewise, have you been influenced, induced or persuaded to plead guilty because of any threats made by anyone?
>
> PORTER: No sir.

Because "[s]olemn declarations in open court carry a strong presumption of verity," a defendant who has testified under oath to the voluntariness of his guilty plea normally cannot refute such testimony. *United States v. Merrill*, 2008 WL 2355728 (E.D. La. 2008) (citing *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 2008)). Accordingly, the Court finds that Porter entered his guilty plea knowingly, voluntarily, and intelligently.

B.     Validity of the Waiver

Like a guilty plea, a waiver of post-conviction relief pursuant to 28 U.S.C. § 2255 is only

enforceable if entered into knowingly and voluntarily. *United States v. White*, 308 F.3d 336, 341 (5th Cir. 2002). To be knowing and voluntary, the defendant must have been aware of his right to appeal and understood he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

The record leaves no doubt as to the validity of Porter's waiver. The plea agreement Porter signed reads as follows:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence . . . . The defendant further waives his right to contest his conviction and or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver . . . or the validity of the guilty plea itself.

Additionally, at re-arraignment, the Court reiterated to Porter the particulars of the waiver and Porter confirmed, under oath, that he understood its terms. Therefore, the Court concludes Porter's waiver of post-conviction relief was knowing and voluntary.

C.     Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. Where a defendant knowingly and voluntarily waived his rights and pleaded guilty, there is "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights . . . ." *Id.* The Court has already determined that both the guilty plea and the waiver of post-conviction relief are valid. But even if the waiver did not bar Porter's claim that Boustany rendered ineffective assistance, his claim would fail under the *Strickland* test.

To prevail on a claim for ineffective assistance of counsel, a defendant must establish (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The first prong requires a defendant to prove his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. On federal habeas review, the Court must indulge a strong presumption that counsel's strategic decisions fall within the wide range of objectively reasonable professional assistance. *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999). The second prong requires a defendant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Simply put, Porter's petition lacks any allegation indicating that Boustany's representation fell below the objective standard of reasonableness. In light of the incriminating evidence against Porter, the possibility of receiving a life sentence if convicted at trial, and the considerable benefits available to Porter if agreed to plead, it was hardly unreasonable for Boustany to advise his client to accept the Government's offer. Moreover, Porter's attempt to fault Boustany for not informing him that "career offender enhancement was part of the plea agreement" is nonsensical given that the agreement contained no such language. In fact, the Court warned Porter, prior to accepting his plea, that a pre-sentence investigation had yet to be conducted. Furthermore, at re-arraignment, Porter stated that he and Boustany had discussed how the guidelines *might* apply to his case.

In any event, that Porter later came to regret following Boustany's advise will not support

a claim for ineffective assistance. Even if Porter could somehow prove he would have faired better at trial, the Court is prohibited from finding Boustany's representation deficient "merely because, with the benefit of hindsight, [the court] disagree[s] with counsel's strategic choices." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

Because Porter has failed to prove that Boustany rendered ineffective assistance, there is no need for the Court to consider whether Boustany's advise prejudiced him in any way. Under *Strickland*, if a defendant makes an insufficient showing as to either prong of the test, the Court may dispose of his claim without reaching the other prong. *Strickland*, 466 U.S. at 697.

D.   Porter's Remaining Claims

Where a defendant knowingly and voluntarily waives the right to bring a proceeding under 28 U.S.C. § 2255, that waiver bars the defendant from receiving post-conviction relief. *United States v. Wilkes*, 20 F.3d 651, 655 (5th Cir. 2004). Therefore, the Court need not address Porter's remaining claims individually. Of the remaining claims, none survive a valid waiver. Having found both the guilty plea and the waiver of post-conviction relief to be valid, Porter is barred from asserting those claims.

III.   CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

New Orleans, Louisiana, this 28th day of September, 2011

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

9