UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-279 |
| BRIAN K. PORTER | SECTION "K" |

## ORDER AND REASONS

On June 20, 2013, the United States Court of Appeals for the Fifth Circuit remanded the above-captioned case to this court for the limited purpose of determining whether the untimely filing of the defendant's notice of appeal was due to excusable neglect or good cause pursuant to Fed. R. App. Pro. 4(b)(4).

**Background**

On March 11, 2013 this court entered an order denying defendant's Motion for Retroactive Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2)[1]. (Doc. 134). The final day for timely filing a notice of appeal was March 25, 2013. The defendant filed his pro se notice of appeal on April 18, 2013. (Doc. 135).

Federal Rules of Appellate Procedure Rule 4(b)(4) grants an additional thirty days to appeal upon a showing to the court of excusable neglect or good cause. "In criminal cases, [the Fifth Circuit] has customarily treated a late noticed filed after the expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for determination as to

---

[1] The Court would note that the Motion for Sentence Reduction was denied as Brian Porter is a career offender pursuant to U.S.S.G. 4B1.1, As such his offense level is higher than it would have been for the offense for which the defendant pleaded guilty, i.e., distribution of more than 50 grams of cocaine base. Therefore, the defendant was found to be ineligible for a reduction of his sentence. (Doc. 132).

whether excusable neglect entitles a defendant to an extension of time to appeals. *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984).'" *United States v. Candia*, 2001 WL 1837842, *1 (W.D.La. March 15, 2011). It is for this purpose this matter was remanded to determine whether defendant's untimely filing of the notice of appeal was due to excusable neglect or good cause.

On April 18, 2013, Brian Porter stated in his "Motion of Appeal" that due to the institution in which he was incarcerated at the time being placed on lock-down, the defendant did not have "the time to prepare for this notice of appeal" and he did not know that this procedure was necessary before seeking relief from the appellate court. Doc. 135.

The Court inquired about the circumstances at the institution in which the defendant was house at the time. It was informed that the defendant was placed in the Special Housing Unit at the United States Penitentiary at Pollock, Louisiana on February 7, 2013 through April 15, 2013. At that time, Porter utilized the law library on March 22 and 28, 2013. However, the institution itself was not on lockdown and even if it were, he would have received mail. Thus, good cause is not present; however, the question remains whether this constitutes excusable neglect.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court of the United States provided the factors to consider in determining excusable neglect. The United States Court for the Fifth Circuit has interpreted the *Pioneer* factors as follows: [1] the danger of prejudice to the [non-filing party], [2] the length of the delay and its [3] potential impact of judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." *Aswalt*, at *1 citing *Pioneer*, 507 U.S. at 395.

The Court finds that there is no danger of prejudice to the United State due to the pro se

tardy filing.  Furthermore, the length of delay of 24 days from the date of the entry of the order denying the motion for retroactive sentencing and the filing of the notice of appeal is not outrageous considering the circumstances.  There is no adverse impact and while it seems clear that the delay was within the defendant's control, the Court cannot say that the movant did not act in good faith.  Thus, given the totality of the circumstances, the Court finds that the defendant's tardy filing of the notice of appeal was the result of excusable neglect.  Accordingly,

**IT IS ORDERED** that the defendant's Notice of Appeal be deemed timely filed due to excusable neglect as permitted by Fed.  R.  App.  P.  4(b)(4).

New Orleans, Louisiana, this 19th  day of September, 2013.

**STANWOOD R.  DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**