UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 06-279

BRIAN K. PORTER                             SECTION "F"

                         ORDER AND REASONS

   Before the Court is the defendant's motion for appointment of counsel, filed on April 26, 2018. For the reasons that follow, the motion is DENIED.

   Brian Porter was sentenced to 200 months imprisonment on March 18, 2009, following his guilty plea to distribution of more than fifty grams of cocaine base. Porter moved to vacate the sentence under 28 U.S.C. § 2255 on April 15, 2010, which was denied on September 28, 2011. See Order and Opinion, dtd. 9/28/11. Porter then moved for a sentence reduction on August 2, 2014. The Court referred the motion to the Retroactivity Screening Committee, see Order, dtd. 12/8/14, and ultimately denied his motion on the basis that he was a career offender, pursuant to U.S.S.G. § 4B1.1, and is ineligible for a sentence reduction. See Order, dtd. 8/6/15. On June 23, 2016, Porter moved for permission to file a second petition to vacate his sentence under 28 U.S.C. § 2255, pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), contending that he was entitled to relief from the career offender enhancement. Porter was represented by counsel during his

                                1

successive request. The Fifth Circuit denied Porter's motion for authorization, stating that Porter had not made the requisite showing. See Order, dtd. 8/16/16.

Porter now requests the appointment of counsel to represent him in future proceedings and to gather evidence to demonstrate that his sentence reflected a racial disparity. He has no constitutional right to counsel at this stage of his proceedings. Pennsylvania v. Finley, 480 U.S. 551, 555 (1987)("[A] defendant has no federal constitutional right to counsel . . . when attacking a conviction that has long since become final upon exhaustion of the appellate process.") Porter points to Sessions v. Dimaya, 138 S. Ct. 1204 (2018) for support. In Dimaya, the U.S. Supreme Court applied the reasoning it used in Johnson to find that the Immigration and Nationality Act's definition of "crime of violence" was impermissibly vague. Id at 1210-11. It is unclear how Dimaya is relevant to Porter's claims, if it all. Porter has no other pending motions, and does not request any other type of relief. He has not articulated what his claims are, so the Court is unable to determine if Porter is entitled to counsel to pursue those claims. Accordingly, Porter's motion for appointment of counsel is DENIED.

New Orleans, Louisiana, May 3, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE