UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 06-279

BRIAN K. PORTER                             SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for appointment of counsel, filed on June 21, 2018. For the reasons that follow, the motion is DENIED.

Brian Porter was sentenced to 200 months imprisonment on March 18, 2009, following his guilty plea to distribution of more than fifty grams of cocaine base. Porter moved to vacate the sentence under 28 U.S.C. § 2255 on April 15, 2010, which was denied on September 28, 2011. See Order and Opinion, dtd. 9/28/11. Porter then moved for a sentence reduction on August 2, 2014. The Court referred the motion to the Retroactivity Screening Committee, see Order, dtd. 12/8/14, and ultimately denied his motion on the basis that he was a career offender, pursuant to U.S.S.G. § 4B1.1, and is ineligible for a sentence reduction. See Order, dtd. 8/6/15. On June 23, 2016, Porter moved for permission to file a second petition to vacate his sentence under 28 U.S.C. § 2255, pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), contending that he was entitled to relief from the career offender enhancement. Porter was represented by counsel during his

1

successive request. The Fifth Circuit denied Porter's motion for authorization, stating that Porter had not made the requisite showing. See Order, dtd. 8/16/16. On April 26, 2018, Porter moved for the appointment of counsel to represent him in future proceedings and to gather evidence to demonstrate that his sentence reflected a racial disparity. The Court denied his motion on May 3, 2018, finding that he has no constitutional right to counsel at this stage of his proceedings. See Order, dtd. 5/3/18.

Porter now seeks counsel on the basis that he is entitled to a reduced sentence under Sessions v. Dimaya. In Dimaya, the Supreme Court held that the residual clause in the Immigration and Nationality Act's definition of "crime of violence" was impermissible vague. Dimaya came shortly after Johnson v. United States, which held that the residual clause defining a "crime of violence" in the Armed Career Criminal Act was unconstitutionally vague. 135 S.Ct. 2551 (2015). Porter was sentenced as a career offender under U.S.S.G. § 4B1.1. Section 4B1.1 states that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The Sentencing Guidelines defines "crime of violence" in

2

Section 4B1.1(a). The sentencing Judge determined that he was a career offender because he was convicted of two separate violent crimes that were committed two years apart.[1] Although the Sentencing Guidelines' definition of crime of violence is nearly identical to the definition in the Armed Career Criminal Act, the Supreme Court has held that Section 4B1.1(a) is not unconstitutionally vague because the Sentencing Guidelines are discretionary. Beckles v. United States, 137 S. Ct. 886, 892 (2017). Porter's sentencing enhancement under the career offender provision is not void for unconstitutional vagueness, and Porter is not entitled to counsel because of it. Porter does not allege, and the Court is not aware of, any additional basis under which he has a claim that he was convicted or sentenced based on an unconstitutionally vague provision. Accordingly, he is not entitled to counsel for the purpose of pursuing claims under Dimaya. IT IS ORDERED: that Porter's motion for appointment of counsel is DENIED.

New Orleans, Louisiana, August 21, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Judge Duval sentenced Porter. The case was reassigned to Judge Feldman on February 3, 2017.